UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TODD KIMBERLIN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COURTNEY MULLENS, RUSSELL OLMSTEAD, and WILLIAM J. REDMAN,<br><br>　　　　Defendants. | CAUSE NO. 3:22-CV-50-JD-MGG |

OPINION AND ORDER

Todd Kimberlin, a prisoner without a lawyer, filed a complaint, alleging he needs immediate treatment for a bulging hernia that he has had since he entered the St. Joseph County Jail in October 2021. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kimberlin alleges that he had surgery scheduled on October 27, 2021, to fix a bulging hernia. But a few days before the surgery, he was arrested and booked into the St. Joseph County Jail. The scheduled surgery did not happen, and Kimberlin alleges he has not received treatment for his hernia, despite submitting several requests for

healthcare. When he finally saw a nurse at sick call on January 7, 2022, he says the nurse did not give him anything for pain or refer him for further treatment. He alleges that he has blood in his stool and experiences severe stomach pain. He asks that this court order that he be given hernia surgery as soon as possible and award him damages.

According to the complaint, Kimberlin was sentenced on December 8, 2021, which means Eighth Amendment standards govern his request for injunctive relief. *See Lewis v. Downey*, 581 F.3d 467, 473-74 (7th Cir. 2009). Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial

departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However,

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Id.* (quotation marks, citations, parenthesis, and brackets omitted; emphasis added).

Kimberlin has stated a plausible claim that he is not receiving constitutionally adequate medical care for his hernia. He alleges that he has not been given anything to alleviate his pain or to otherwise treat his hernia, which another doctor had determined was serious enough to require surgical treatment. Kimberlin asks for injunctive relief to get hernia surgery. However,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief—if granted—would be limited to requiring that Kimberlin be provided with constitutionally adequate medical care for his condition. Warden Russell Olmstead, in his official capacity, is the proper defendant for the

injunctive relief claim because he has both the authority and the responsibility to ensure that Kimberlin receives constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

However, Kimberlin does not state an individual capacity claim for damages against any of the named defendants. Individual liability under 42 U.S.C. § 1983 is premised on personal involvement. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that in order to state a claim against an individual under § 1983, the complaint needs to detail how that person was involved in the alleged violation. A high-level official, like a warden or sheriff, cannot be held liable for the actions of a subordinate just because he holds a supervisory role over the jail. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (both that liability under 42 U.S.C. § 1983 is based on personal responsibility, and supervisory defendants cannot be held liable for the misdeeds of other prison staff). Instead, the complaint must plausibly allege each defendant was somehow involved in the violation.

Here, Kimberlin names Courtney Mullens, an employee of Well Path Medical, as a defendant. But he does not explain how Mullens was involved in his medical care. Similarly, he names St. Joseph County Sheriff, William J. Redman, as a defendant, but does not mention the sheriff's involvement anywhere in the complaint. On the other hand, Warden Olmstead is mentioned in the complaint: Kimberlin alleges that he wrote the warden letters about his medical issues but never received a response. However, Kimberlin does not elaborate on when he sent the warden these letters and what the

letters said. These allegations are insufficient to allow a reasonable inference that the warden had sufficient knowledge of an ongoing constitutional violation to be held personally liable. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The complaint does not state a claim for damages against any of the defendants.

For these reasons, the court:

(1) GRANTS Todd Kimberlin leave to proceed against Warden Russell Olmstead in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for his hernia as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Courtney Mullens and William J. Redman;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Russell Olmstead at St. Joseph County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS St. Joseph County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Russell Olmstead to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT